## LAMOILLE VALLEY RAILROAD CO. *v.* MARSH.

### *Contract. Guaranty. Substitution of One Contract for Another.*

Plaintiff, by its president, agreed for a subscription of $1200, to build a depot in a certain place. Parties interested started a subscription paper. After a part of the required sum had been subscribed, the president notified subscribers and others that he required in lieu of such general subscription, an assumption by two or three responsible persons of the payment of the sum required, and therefore L. and others promised by parol to assume it, after which, canvass was made for further subscriptions, and subscriptions obtained for $1400, the subscribers intending not only to put L. and others in funds, but to pay in part for a telegraph line. In assumpsit by plaintiff against a subscriber, the court charged that if the undertaking of L. and others was a mere collateral guaranty, the plaintiff might recover, but that if the promise of L. and others was substituted for the subscription, and plaintiff agreed to look to them alone for payment, it could not recover. *Held*, that on those facts, L. and others were the contracting party with plaintiff, that they alone could be sued for a breach, and that the charge was without error.

ASSUMPSIT upon a subscription paper. Plea, the general issue, and trial by jury, May Term, 1876, POWERS, J., presiding.

The plaintiff's evidence tended to show that the plaintiff, by its president, agreed to build its depot in Walden, at a place known as the Heights, if parties in the vicinity interested in its being built there, among whom was the defendant, would raise and pay to the plaintiff the sum of $1,200; that a subscription paper was accordingly drawn and circulated, and the required sum subscribed, the defendant being one of the subscribers; that the paper, upon which the plaintiff's president made some collections, was left with one of the subscribers who was to make collections thereon for the plaintiff, the signers preferring to have it remain in town where they could more conveniently make payments; and that the plaintiff's directors, being informed by some of the subscribers, through the president, of the completion of the subscription, decided to build the depot as agreed by the president, and the plaintiff afterwards so built it.

The defendant's evidence tended to prove that after a portion of the required sum was subscribed, the plaintiff, by its president, notified the subscribers, and other interested persons who had assembled to consider the matter, that he required in lieu of a general subscription by persons of whose responsibility the officers of the company had no personal knowledge, and to avoid the trouble of collecting the subscriptions, that some two or three responsible persons should assume to pay the said sum of $1,200; that thereupon B. J. Lance, Joel Harvey, and W. P. Whittier promised, the depot being built according to the previous understanding, to assume the payment of the said sum; that afterwards parties canvassed for and obtained further subscriptions, in all to the amount of $1,400, or more; that the subscription was intended by the subscribers, not only to put the three men who had assumed to pay the $1,200, in funds, but also to pay $200 towards establishing a telegraph line to Cabot.

The plaintiff requested the court to charge, among other things, that its president could not make a contract binding upon the plaintiff; that after the directors had been informed of the completion of the subscription, and in reliance thereon had performed on their part by building the depot, the subscription paper constituted the contract of the parties, and that the contract of Lance

and others was within the Statute of Frauds. But the court charged that if the undertaking of Lance and others was a mere collateral guaranty that the $1,200 should be made good to the plaintiff, then the plaintiff might recover; but that if the plaintiff assumed to build the depot in consideration of the subscription, and relying upon it for the payment of the $1,200, and the parties afterwards substituted therefor the parol promise of Lance and others, and plaintiff agreed to look alone to them for payment of that sum, then it could not recover. To the refusal to charge as requested, and to the charge as given, the plaintiff excepted. Verdict for the defendant.

*Bingham & Waterman*, for the plaintiff, cited *Middlebury College* v. *Williamson*, 1 Vt. 212; *Austin* v. *Wheeler*, 16 Vt. 95.

*S. C. Shurtleff*, for the defendant, cited 1 Greenl. Ev. s. 303.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit upon a promise by subscription of a certain sum to pay the plaintiff, in consideration that plaintiff would locate and build its depot in Walden at a certain place. The plaintiff agreed to build the depot at this place, if parties interested in such location (among them the defendant) would raise and pay the plaintiff $1,200. At this time a portion of this sum had been subscribed. The jury have found that the plaintiff, by its president, required, in lieu of a general subscription by persons of whose responsibility the officers of the company had no personal knowledge, that some two or three responsible persons should assume to pay the plaintiff $1,200; and that thereupon B. J. Lance, Joel Harvey, and W. P. Whittier promised to assume the payment of said sum; and thereupon the plaintiff located and built the depot at the place required. After this, parties canvassed for and obtained further subscriptions, in all to the amount of $1,400 or more. This subscription was intended by the subscribers, not only to put the three men who had assumed to pay the plaintiff $1,200, in funds, but also to pay $200 towards establishing a telegraph to Cabot. These facts being established, made

Lance, Harvey, and Whittier the contracting party with the plaintiff, and they alone could be sued for the breach.

The court charged the jury that if the undertaking of Lance and others was a mere collateral guaranty that the $1,200 should be made good to the plaintiff, then the plaintiff might recover; so no question arises on these exceptions about the Statute of Frauds. The court also told the jury, that if the plaintiff assumed to build the depot at the place in consideration of said subscription, and relying upon it for the payment of the $1,200, and the parties afterwards *substituted* therefor the parol promise of Lance and others, and plaintiff agreed to look alone to them for payment of the $1,200, then it cannot recover in this suit. This is a well-settled rule of law. *Admr. of Cilley* v. *Tenny*, 31 Vt. 401; 1 Greenl. Ev. s. 303, and cases there cited. The exceptions seem to be aimed rather at the errors of the jury than of the court.

Judgment affirmed.